PHILLIP A. BAKER, BAR ID #169571
pbaker@bknlawyers.com
DERRICK S. LOWE, BAR ID #267998
dlowe@bknlawyers.com
JENNIFER L. STONE, BAR ID #325493
jstone@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900/Facsimile: (213) 241-0990

MARCI LERNER MILLER, BAR ID # 162790
marci@milleradvocacy.com
CHRISTINA N. HOFFMAN, BAR ID #161932
choffman@milleradvocacy.com
MILLER ADVOCACY GROUP
1303 Avocado Avenue, Suite 230
Newport Beach, California 92660
Telephone: (949) 706-9734/Facsimile: (949) 266-8069

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Plaintiff J.P. on behalf of her minor son R.P., and all others similarly situated; THE NATIONAL CENTER FOR FAIR & OPEN TESTING doing business as FAIRTEST, a Massachusetts corporation; A.K., individually and on behalf of all others similarly situated; R.G. on behalf of her minor son J.G., and all others similarly situated; Plaintiff M.S. on behalf of her minor daughter Z.S., and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EDUCATIONAL TESTING SERVICES (ETS), a New York corporation; THE COLLEGE ENTRANCE EXAMINATION BOARD, a New York corporation, doing business as THE COLLEGE BOARD; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-04502<br><br>**PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION OF JAMES A. CLEWLEY, JR. IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>**[Motion to Stay Litigation Under 9 U.S.C. ¶ 3]**<br><br>**Date: November 2, 2020<br>Time: 1:30 p.m.<br>Judge Philip S. Gutierrez<br>Courtroom: 6A** |

899-5656-0001

- 1 -

**PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.**

# TABLE OF CONTENTS

Page

OBJECTIONS TO SUPPLEMENTAL DECLARATION OF JAMES A. CLEWLEY, JR. ..............................................................................................1

1. INTRODUCTION .................................................................................................1

2. THE COURT SHOULD DISREGARD NEW EVIDENCE AND ARGUMENTS OFFERED BY DEFENDANTS IN THEIR REPLY BRIEF ....................................................................................................................1

3. THE SUPPLEMENTAL DECLARATION IS OBJECTIONABLE ...................4

   A. Lack of Personal Knowledge ........................................................................4

   B. Inadmissible Hearsy Evidence ......................................................................6

   C. Incomplete Evidence .....................................................................................6

899-5656-0001

**PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.**

# TABLE OF AUTHORITIES

<strong>Page(s)</strong>

**Cases**

*Beyene v. Coleman Sec. Services, Inc.*,
    854 F.2d 1179 (9th Cir. 1988) ................................................................................4

*Clark v. State of California*,
    739 F.Supp.2d 1168 (N.D. Cal. 2010) ...................................................................2

*Dugan v. R.J. Corman R.R. Co.*,
    344 F.3d 5662 (7th Cir. 2003) ................................................................................4

*Graves v. Arpaio*,
    623 F.3d 1043 (9th Cir. 2010) ................................................................................2

*Provenz v. Miller*,
    102 F.3d 1478 (9th Cir. 1996) ................................................................................2

*Townsend v. Monster Beverage Corp.*,
    303 F.Supp.3d 1010 (C.D. Cal. 2018) ....................................................................2

**Court Rules**

Fed R. Evid. 101 ...........................................................................................................4

Fed. R. Evid. 106 ..........................................................................................................4

Fed. R. Evid. 602 ..........................................................................................................4

Fed. R. Evid. 801-804 ..................................................................................................4

# OBJECTIONS TO SUPPLEMENTAL DECLARATION OF JAMES A. CLEWLEY, JR.

## 1. INTRODUCTION.

Defendants the College Entrance Examination Board (the "College Board") and Educational Testing Services ("ETS"), collectively "Defendants," use their Reply brief to try and submit new arguments and evidence, nearly all of which are inadmissible, factually in dispute, or both, that is far beyond what originally appeared in their Motion to Stay Litigation and Compel Arbitration (the "Motion"). The result is that the individually named student plaintiffs, on behalf of themselves and on behalf of those similarly situated (the "Student Plaintiffs"), and plaintiff The National Center For Fair & Opening Testing ("FairTest"), collectively "Plaintiffs," were deprived of the ability to evaluate and address all of Defendants' evidence and argument in their Opposition brief. Plaintiffs therefore request that the Court disregard all new evidence and argument improperly included in Defendants' Reply brief, including, but not limited to, all evidence that is inadmissible under the Federal Rules of Evidence and all unsupported factual assertions and opinions of declarant James A. Clewley, Jr. ("Mr. Clewley").

## 2. THE COURT SHOULD DISREGARD NEW EVIDENCE AND ARGUMENTS OFFERED BY DEFENDANTS IN THEIR REPLY BRIEF.

Defendants' Motion was rich in generalizations and poor in actual evidence, relying exclusively on a single declaration by Mr. Clewley (the "Original Declaration") that was replete with hearsay statements, exhibits without proper foundation, and testimony from Mr. Clewley that he lacked personal knowledge, among other issues previously identified. As such, it contained little in the way of admissible evidence and was also factually disputed by Plaintiffs. These evidentiary issues were highlighted and addressed by Plaintiffs in both their Opposition brief and through concurrently filed objections to the Original Declaration.

899-5656-0001

- 1 -

PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.

It is well-established that a moving party is not permitted to offer new evidence or arguments in its reply. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence submitted in reply); *Clark v. State of California*, 739 F.Supp.2d 1168, 1223 n. 14 (N.D. Cal. 2010) ("Defendants have submitted new evidence…[B]ecause Defendants have failed to explain why this evidence was not developed in a timely manner, and because consideration of this evidence at this stage would deprive Plaintiffs of the opportunity to cross-examine the relevant witness, this Court declines to consider it."). As such, Defendants cannot use the Reply brief to introduce new evidence to try and rehabilitate the Original Declaration. See *Townsend v. Monster Beverage Corp.*, 303 F.Supp.3d 1010, 1027-28 (C.D. Cal. 2018) (striking declaration constituting new evidence).

Yet, in what is tantamount to an admission of the severe deficiencies with the Motion and the Original Declaration, Defendants nonetheless did precisely this – they improperly filed a twelve-page, supplemental declaration from Mr. Clewley (the "Supplemental Declaration") filled with new evidence that forms the core of the new arguments raised in their Reply brief. By doing so, Defendants have disregarded their obligation to produce all evidence supporting the Motion at the outset. Instead, Defendants customized a new declaration to try and remedy the issues identified by Plaintiffs with the Original Declaration. The procedural impropriety of the Supplemental Declaration, coupled with the fact that the Supplemental Declaration contains testimony from Mr. Clewley and modified, embedded screenshots, most of which is objectionable and inadmissible, reflects a failed attempt to cure the deficiencies in the Original Declaration and Motion. Furthermore, like the evidence presented in the Original Declaration, the evidence presented in the Supplemental Declaration is incomplete and inconsistent with the facts presented by Plaintiffs. However, as it is

899-5656-0001

- 2 -

PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.

being provided for the first time with the Reply brief, Plaintiffs have no opportunity to substantively respond to this brand new, inconsistent evidence.

Further compounding the procedural and substantive deficiencies with the Supplemental Declaration, Defendants have provided no explanation for why the information contained in the Supplemental Declaration is presented for the first time in concurrence with the Reply brief instead of with the initial Motion.  No discovery has been conducted, no new arguments are being made, and the purported information and exhibits provided in the Supplemental Declaration were always in Defendants' custody and control.  In sum, there is simply no reason for Defendants to now present a Supplemental Declaration other than in an attempt to gain a tactical advantage against Plaintiffs.  Defendants' strategy to wait and see the Opposition and evidentiary objections and then respond with new evidence that could and should have been presented with the Motion is patently unfair.  Defendants even changed the scope of the declarant's personal knowledge in his Supplemental Declaration in an attempt to make it support their original arguments.

No doubt, Defendants will attempt to argue that their procedural abuses can be easily remedied by allowing Plaintiffs the opportunity to file an additional opposition and evidence of their own; however, by considering the Supplemental Declaration and endorsing Defendants' improper procedural tactics, this could lead to a never-ending cycle wherein resolution of the Motion is delayed and dragged out indefinitely – precisely what Defendants want.  Plaintiffs, and particularly the individual students, have and continue to be harmed and the resolution of the Motion should not be further delayed due to Defendants' tactics.  Thus, the Court should strike the Supplemental Declaration and disregard all new evidence presented therein.

///

///

///

899-5656-0001

- 3 -

**PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.**

### 3. THE SUPPLEMENTAL DECLARATION IS OBJECTIONABLE.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-1182 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of America & Telstar Const. Co., Inc.*, 252 F.Supp.2d 917, 923 (D. Ariz. 2003); *see also* Fed R. Evid. 101 (Rules of Evidence apply to all proceedings in the court of the United States). Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Hearsay evidence is inadmissible unless it has been defined as non-hearsay or the proponent establishes eligibility for one or more exceptions under the Rules. Fed. R. Evid. 801-804. Relying on snippets of evidence, rather than introducing evidence as a whole, violates the best evidence rule and rule of completeness as it allows a party to take evidence out of its proper context. Fed. R. Evid. 106; *see also Dugan v. R.J. Corman R.R. Co.*, 344 F.3d 5662, 669 (7th Cir. 2003).

Despite their attempts to customize the Supplemental Declaration by expanding the scope of Mr. Clewley's role and his personal knowledge, Defendants fail to overcome the clear lack of Mr. Clewley's personal knowledge of any of the Student Plaintiffs, the in-class, registration, or testing experience from the perspective of a teacher, administrator, or student, and the lack of admissible evidence. Defendants also fail to provide complete or even identifiable business records and Mr. Clewley cannot testify about the truth of the contents contained therein.

### A. Lack Of Personal Knowledge.

The Supplemental Declaration does not reflect any personal knowledge as to the acts or omissions taken by either Defendants or the Student Plaintiffs with respect to the purported arbitration agreements. While Defendants attempt to expand the scope of Mr. Clewley's personal knowledge by now claiming that he has "personal knowledge of College Board's website and AP exam registration process" from the perspective of both a student and an administrator, he still does not attest to any personal knowledge

specific to the Student Plaintiffs in this matter or to what takes place inside an Advanced Placement ("AP") classroom.

Mr. Clewley does not attest to any personal knowledge as an AP Coordinator or teacher, yet he still speculates as to how long each student was given in class to review the AP Terms (if any), how much access each student had to the webpage, or when the webpage would time out ("after multiple hours"), contradicting both the student declarations previously provided by Plaintiffs as well as College Board's written policy. Critically, Mr. Clewley lacks personal knowledge about how the first set of My AP Terms may have been presented to the Plaintiff Students, because the teachers and schools were responsible for tasking Students with how, when, if, and under what circumstances the AP Students may have logged on or may have been presented with AP Terms. Mr. Clewley similarly lacks personal knowledge as to the accessibility of the terms for any particular student or whether any Student Plaintiff could access the terms in class or on test day due to their particular circumstances. He certainly has no personal knowledge as to whether Student Plaintiffs were afforded any additional time or other disability accommodations in their classrooms when given the five minute in-class assignment to join AP Classroom.

While Mr. Clewley again claims to have "relied on information contained in College Board's internal records," he does not describe or present any internal records of the circumstances surrounding the classroom experience or the time given to students to review the My AP terms, or even the "time out" he refers to. He also fails to attest to any personal knowledge about the information contained in the records he refers to or whether the agreement was by the student or the school on the student's behalf. Mr. Clewley does not claim personal knowledge of what internal records are kept for those students who could not access the AP Exams at all.

Rather than speak from his own personal knowledge, then, the Supplemental Declaration still appears to simply repeat hand-picked portions of purported "records"

899-5656-0001

- 5 -

**PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.**

or what Mr. Clewley purports to have learned from such records. There is no evidence that Mr. Clewley has any personal knowledge whatsoever relative to any arbitration agreement presented to or agreed to by any of the Student Plaintiffs in this matter.

### B.     **Inadmissible Hearsay Evidence**.

While Mr. Clewley may have the ability to review and verify College Board's written records, he cannot testify about the truth of the contents contained within those records, especially while withholding those records from view of both Plaintiffs and the Court. Rather than provide the original business records, Defendants have instead amplified the hearsay problem by inserting incomplete, edited excerpts from unspecified records and asking the Court to accept the truth of such purported records. As such, Defendants have again failed to provide a single, complete document reflecting that any student ever entered into an agreement to arbitrate. Instead, they continue to rely on hearsay testimony by Mr. Clewley about the truth of statements contained in unspecified documents he claims to have read or reviewed on an unspecified date and time through an unspecified program. There is no assertion that any of this hearsay testimony falls into a recognized exception and it is therefore all inadmissible.

### C.     **Incomplete Evidence**.

In addition to containing hearsay testimony, the Supplemental Declaration contains incomplete, heavily modified screenshots from purported College Board records. Rather than provide the actual records for either the Court or Plaintiffs to review, Defendants redact much of the identifying information and write in the initials for various Student Plaintiffs. In other words, Defendants appear to have taken original documents, cropped out large chunks of those documents, redacted identifying information, and then wrote in the names of Student Plaintiffs, and now asks the Court to accept these modified, unverified, incomplete excerpts of partial screen shots of "documents" as true and admissible evidence. These incomplete, edited excerpts of unspecified records appear to be an attempt to improve upon what Mr. Clewley included

899-5656-0001

in the Original Declaration – an incomplete list of initials which allegedly belong to Student Plaintiffs, even though not all of the initials match the names of Student Plaintiffs. While Defendants claim to show the date test taker Plaintiffs agreed to the AP Exam Terms based on their "unique AP Program identifiers," no such identifiers are identified in the attached screenshots.[1]

Plaintiffs now set forth their specific objections to the Supplemental Declaration:

| | **Proffered Evidence** | **Plaintiffs' Objections** |
|---|---|---|
| 1. | Clewley Declaration ¶ 5 in its entirety. | Fed. R. Evid. 106, 602, 801-804<br>The statement lacks foundation and does not appear to be within the witness' personal knowledge and further violates hearsay and best evidence and completeness rules. |
| 2. | Clewley Declaration ¶ 6 in its entirety. | Fed. R. Evid. 101, 401-403, 602<br>The statement lacks foundation and does not appear to be within the witness' personal knowledge and is contested by supporting declarations from Plaintiffs. The statement is also irrelevant as it only attests to generalizations about what a theoretical test taker could do with the My AP Terms, not what the specific Student Plaintiffs could do. |

---

[1] Test taker Plaintiffs' Unique AP Identifiers ("AP ID's) are listed in screenshots elsewhere in the Supplemental Declaration, causing any argument that this information had to be cropped and redacted to lack credibility.

| | | |
|---|---|---|
| 3. | Clewley Declaration ¶ 7 in its entirety. | Fed. R. Evid. 101, 106, 401-403, 602, 801-804<br><br>The statement lacks foundation and does not appear to be within the witness' personal knowledge, further violates hearsay and best evidence and completeness rules, and is contested by supporting declarations from Plaintiffs. The statement is also irrelevant as it only attests to generalizations about what a theoretical test taker could do with the My AP Terms, not what the specific Student Plaintiffs, AK and LB, could do. |
| 4. | Clewley Declaration ¶¶ 9-11 in their entirety | Fed. R. Evid. 106, 602, 801-804<br><br>The statements lack foundation and do not appear to be within the witness' personal knowledge and further violate hearsay and best evidence and completeness rules.  The statements are also irrelevant as they only attest to generalizations about what a theoretical test taker could do with respect to the AP Exam Terms, not what the specific Student Plaintiffs could do. |
| 5. | Clewley Declaration ¶ 12 in its entirety. | Fed. R. Evid. 106, 602, 801-804<br><br>The statement lacks foundation and does not appear to be within the witness' |

899-5656-0001

- 8 -

PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.

| | | |
|---|---|---|
| | | personal knowledge, further violates hearsay and best evidence and completeness rules, and is contested by supporting declarations from Plaintiffs. |
| 6. | Clewley Declaration, ¶ 13 in its entirety. | Fed. R. Evid. 106, 602, 801-804<br><br>The statement lacks foundation and does not appear to be within the witness' personal knowledge, further violates hearsay and best evidence and completeness rules, and is contested by supporting declarations from Plaintiffs. |
| 8. | Clewley Declaration, ¶ 14 in its entirety. | Fed. R. Evid. 106, 602, 801-804<br><br>The statement lacks foundation and does not appear to be within the witness' personal knowledge, further violates hearsay and best evidence and completeness rules, and is contested by supporting declarations from Plaintiffs. |

DATED: October 27, 2020

BAKER, KEENER & NAHRA, LLP

By /s/ PHILLIP A. BAKER
    PHILLIP A. BAKER
    DERRICK S. LOWE
    JENNIFER L. STONE

MILLER ADVOCACY GROUP

By /s/ MARCI LERNER MILLER
    MARCI LERNER MILLER
    CHRISTINA N. HOFFMAN
Attorneys for Plaintiffs

899-5656-0001

- 9 -

PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL DECLARATION
OF JAMES A. CLEWLEY, JR.