UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

| Proceedings (In Chambers): | The Court GRANTS IN PART and DENIES IN PART Defendants' motion to compel arbitration and GRANTS Defendants' motion to dismiss |
|---|---|

Before the Court is a motion to stay proceedings in favor of arbitration filed by Defendants Education Testing Services ("ETS") and The College Entrance Examination Board, d/b/a The College Board (together, "Defendants"). *See generally* Dkt. # 21 ("*Mot.*"). Plaintiffs The National Center for Fair & Open Testing, d/b/a FairTest ("FairTest"), J.P., L.D., D.K., S.N., P.C., C.T., C.W., D.M., A.K., R.G., and M.S.[1] (together, "Plaintiffs") opposed, *see generally* Dkt. # 25 ("*Opp.*"), and Defendants replied, *see generally* Dkt. # 30 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to compel arbitration and **GRANTS** Defendants' motion to stay further proceedings.[2]

I.    Background

In this putative class action, Plaintiffs claim that Defendants failed to fairly and competently administer the 2020 Advanced Placement ("AP") exams, which Defendants administered online due to COVID-19. *See generally FAC.*

---

[1] Plaintiffs J.P., L.D., S.N., P.C., C.T., C.W., D.M., R.G., and M.S. are parents suing on behalf of their minor son or daughter. *See First Amended Complaint*, Dkt. # 15 ("*FAC*"), ¶ 1. Plaintiffs D.K. and A.K. bring suit on their own behalf. *Id.*

[2] The Court construes the motion as one to compel arbitration and to stay further proceedings under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

AP Programs offer college-level coursework to high school students. *Id.* ¶ 4. Earning high scores on AP exams helps students gain admission into colleges and universities, obtain scholarships, and earn credits toward an undergraduate degree. *Id.*

Defendants develop and administer the AP exams. *Id.* ¶ 3. Ordinarily, students take the exams during regular school hours in a controlled and regulated environment. *Id.* ¶ 9. However, due to COVID-19, Defendants decided to administer the AP exams online, so that students could take the exams from their homes. *Id.* ¶ 5.

Students taking the exams from their homes encountered various technical difficulties, including being unable to submit their responses through Defendants' exam platform. *Id.* ¶ 10. Additionally, Defendants offered no reasonable remedies to students who lacked digital access or other disability accommodations at home. *Id.* ¶ 11.

As a result, Plaintiffs filed suit in this Court on behalf of themselves and others similarly situated. *See generally Compl.* Plaintiffs amended their complaint, and the operative First Amended Complaint ("FAC") alleges thirteen causes of action:

First Cause of Action: breach of contract. *See FAC* ¶¶ 144–47.

Second Cause of Action: breach of the implied covenant of good faith and fair dealing. *See id.* ¶¶ 148–50.

Third Cause of Action: negligence. *See id.* ¶¶ 151–56.

Fourth Cause of Action: negligent misrepresentation. *See id.* ¶¶ 157–61.

Fifth Cause of Action: gross negligence. *See id.* ¶¶ 162–68.

Sixth Cause of Action: unjust enrichment. *See id.* ¶¶ 169–78.

Seventh Cause of Action: breach of implied in fact contract. *See id.* ¶¶ 179–83.

Eighth Cause of Action: breach of fiduciary duty. *See id.* ¶¶ 184–87.

Ninth Cause of Action: violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* *See FAC* ¶¶ 188–90.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

Tenth Cause of Action: violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 *et seq.*  *See FAC* ¶¶ 191–95.

Eleventh Cause of Action: violation of the Rehabilitation Act.  *See id.* ¶¶ 196–98.

Twelfth Cause of Action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  *See FAC* ¶¶ 199–202.

Thirteenth Cause of Action: false advertising in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.*  *See FAC* ¶¶ 203–06.

Defendants now move to stay the proceedings in favor of arbitration under the FAA, 9 U.S.C. § 3.  *See generally Mot.*  As noted above, the Court construes Defendants' motion as one to compel arbitration and to stay further proceedings under 9 U.S.C. § 4.

Defendants assert that, when Plaintiffs took the May 2020 AP exam, they agreed to Defendants' terms and conditions, which included a mandatory arbitration provision.  *See id.* 9:18–24.  The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to compel arbitration and **GRANTS** Defendants' motion to stay all proceedings pending arbitration of the arbitrable claims.

II.    Legal Standard

"The 'principal purpose' of the FAA [Federal Arbitration Act] is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'"  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).  The FAA states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

The FAA allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  *Id.* § 4.  "Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'"  *Cox v. Ocean*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|----------|------------------------|------|-------------------|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

*View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). When deciding whether a valid arbitration agreement exists, courts generally apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Any doubts about the scope of arbitrable issues must be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

If an arbitration agreement exists and covers the dispute at issue, section 4 of the FAA "requires courts to compel arbitration in accordance with the terms of the agreement." *Concepcion*, 563 U.S. at 344 (internal quotation marks omitted).

III.   Discussion

This dispute involves two separate agreements that contain different arbitration provisions: (1) the "My AP Agreement," which Plaintiffs purportedly accepted in order to access myap.collegeboard.org, *Mot.* 11:26–13:7; and (2) the "AP Exam Agreement," which all AP test takers were required to accept in order to take online AP exams, *Mot.* 13:8–14:22. The Court must determine whether to compel arbitration and to stay further proceedings based on either of these agreements.

This order proceeds as follows.

In Part III.A, the Court considers whether Defendants can compel Plaintiffs to arbitrate their claims under the My AP Agreement's arbitration provision. The Court concludes that they cannot. First, even if every student Plaintiff accepted the My AP Agreement, its delegation clause is unconscionable. Second, because the delegation clause is unconscionable, the Court can consider Plaintiffs' challenges to the My AP Agreement's validity, and the Court concludes that the My AP Agreement's arbitration provision, as a whole, is unconscionable. Accordingly, Defendants cannot compel arbitration under the My AP Agreement.

In Part III.B, the Court considers whether Defendants can compel Plaintiffs to arbitrate their claims under the AP Exam Agreement's arbitration provision. The Court concludes that they can, but not for all Plaintiffs. Unlike the My AP Agreement, the AP Exam Agreement contains a valid delegation clause. Therefore, for Plaintiffs who accepted the AP Exam Agreement, questions of arbitrability are reserved for the arbitrator.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

In Part III.C, the Court considers and rejects various Plaintiffs' miscellaneous opposition arguments. Accordingly, Plaintiffs who accepted, or are otherwise bound by, the AP Exam Agreement must arbitrate their claims.

Finally, in Part III.D, the Court considers whether to stay the claims of Plaintiffs who did not accept the AP Exam Agreement, and thus who cannot be compelled to arbitrate their claims. The Court concludes that a stay of those Plaintiffs' claims is appropriate.

As such, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to compel arbitration and **GRANTS** Defendants' motion to stay further proceedings of *all* Plaintiffs' claims pending arbitration of the arbitrable claims.

A.    The My AP Agreement

Defendants argue that the Court should grant its motion because each of the student Plaintiffs accepted the My AP Agreement, *Mot.* 17:15–18:13; *Supplemental Declaration of James A. Clewley Jr.*, Dkt. # 30-1 ("*Supp. Clewley Decl.*"), ¶¶ 5.a.–5.k., which included the following arbitration provision:

> Other than score validity investigations . . . or infringement of the College Board's intellectual property rights, all student disputes against College Board and/or any or all of its contractors, that relate in any way to registering for or taking part in a College Board program such as AP or Pre-AP, including but not limited to requesting or receiving test accommodations, score reporting, and the use of test taker data, shall exclusively be resolved by a single arbitrator through binding, individual arbitration administered by the American Arbitration Association ("AAA"), under the AAA Consumer Arbitration Rules in effect at the time a request for arbitration is filed with the AAA.

*Declaration of James A. Clewley Jr.*, Dkt. # 21-1 ("*Clewley Decl.*"), ¶ 6 Ex. 1 ("*My AP Agreement*").

To determine whether Defendants are correct, the Court must make several determinations.

First, the Court considers whether the parties formed a contract when the student Plaintiffs accepted the My AP Agreement. The Court concludes that they did.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

Second, the Court considers whether the My AP Agreement contains a valid delegation clause. The Court concludes that the delegation clause is invalid because it is unconscionable.

Third, the Court considers whether the My AP Agreement, as a whole, is unconscionable. It is.

Accordingly, the Court **DENIES** Defendants' motion to compel arbitration and to stay further proceedings under the My AP Agreement.

> i.    *Formation of the My AP Agreement*

The Court's preliminary determination is whether the parties formed a contract. *See Cox*, 533 F.3d at 1119 (noting that the two-step inquiry under the FAA begins with determining whether an agreement to arbitrate exists).

Defendants' website, myap.collegeboard.org, offers students various resources. *Mot.* 11:26–28. In order to access these resources, students are required to click a box indicating that they "have read and accept [Defendants'] terms of service"—i.e., the My AP Agreement. *Id.* 11:28–12:7. If a student did not click the box accepting the My AP Agreement, they could not access these resources. *Id.* 12:5–7. As noted above, one of those terms of service is an arbitration provision.

Defendant offers electronic records confirming that each of the student Plaintiffs clicked the box accepting the My AP Agreement. *Supp. Clewley Decl.*, ¶¶ 5.a.–5.k. Nonetheless, the student Plaintiffs claim that their acceptance did not create a contract. *See Opp.* 16:27–24:22. The Court disagrees with Plaintiffs. *See In re Holl*, 925 F.3d 1076, 1084 (9th Cir. 2019) ("Here, there is no question [that the plaintiff] affirmatively assented to the UPS My Choice Service Terms. He checked a box acknowledging as much."). However, even if Plaintiffs were correct that the My AP Agreement was never formed, the outcome of this motion would not change because, as discussed below, the My AP Agreement is unconscionable, and, thus, unenforceable.

Before the Court reaches the issue of agreement's enforceability, however, it must decide whether the My AP Agreement contains a valid delegation clause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

### ii.  The My AP Agreement's delegation clause

The district court determines whether the parties agreed to arbitrate a dispute unless the parties' agreement delegates this question to the arbitrator. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). In other words, when an agreement "clearly and unmistakably" delegates issues of arbitrability to the arbitrator, *AT&T*, 475 U.S. at 649, "the Court need not reach the threshold questions of arbitrability, namely, whether the arbitration agreement is valid and whether the claims at issue are within its scope," *Dvorsky v. Axis Glob. Sys., LLC*, No. CV 17-422 DMG (AJWx), 2017 WL 7079459, at *3 (C.D. Cal. June 15, 2017). However, a party resisting arbitration may challenge the delegation clause, itself, as unconscionable. *Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015).

The Court first considers whether the My AP Agreement contains a delegation clause. It does. The Court then considers whether the clause is unconscionable. It is. Accordingly, the Court can consider Plaintiffs' challenges to the validity and enforceability of the My AP Agreement as a whole. *Cf. Dvorsky*, 2017 WL 7079459 at *3.

### a.  Whether there is a delegation clause in the My AP Agreement

Defendants argue that the My AP Agreement clearly and unmistakably delegated issues of arbitrability to the arbitrator. *Mot.* 19:21–22. They note (1) that the agreement provides that "all" disputes must be resolved by arbitration, and (2) that it incorporates the Consumer Rules of the AAA, which constitutes evidence of an agreement to arbitrate arbitrability. *See Mot.* 19:21–20:27.

Plaintiffs counter (1) that the agreement's requirement of arbitration of "all" disputes "that relate in any way" to registering for or taking the AP exam does not include threshold issues of arbitrability, and (2) that the "mere reference to the AAA rules . . . [does not] represent[] 'clear and unmistakable' intent to delegate authority over arbitrability when an adhesive contract is imposed on an unsophisticated, minor consumer."[3] *See Opp.* 25:1–11.

The Court agrees with Defendants' arguments.

---

[3] Plaintiffs' arguments in its opposition brief were directed toward the AP Exam Agreement, but they apply equally to the My AP Agreement.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

First, under the plain terms of the My AP Agreement, subject to two exceptions not relevant here, "*all* student disputes . . . that relate *in any way* to registering for or taking part in a College Board program such as AP or Pre-AP, . . . shall exclusively be resolved by a single arbitrator through binding, individual arbitration." *My AP Agreement* (emphases added). The parties' disagreement regarding whether they agreed to arbitrate arbitrability qualifies (1) as a student dispute (2) that relates to registering for the AP program—specifically, it is a dispute that relates to the agreement that students accepted during registration. Therefore, the parties expressed an intent to arbitrate arbitrability in the My AP Agreement.

Second, contrary to Plaintiffs' argument, the Ninth Circuit has suggested that it is not "require[d] that the contracting parties be sophisticated or that the contract be 'commercial' before a court may conclude that incorporation of the AAA rules constitutes 'clear and unmistakable' evidence of the parties' intent." *Brennan*, 796 F.3d at 1130. "Indeed, the vast majority of the circuits that hold incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties or to commercial contracts." *Id.* at 1130–31.

Accordingly, because the My AP Agreement requires arbitration of *all* disputes that relate *in any way* to registering for the AP program, and because incorporation of the AAA rules indicates an intent to arbitrate arbitrability, the Court finds that the parties delegated issues of arbitrability to the arbitrator.

       *b.*     *Whether the My AP Agreement's delegation clause is unconscionable*

Plaintiffs argue that, even if the delegation clause is clear and unmistakable, the clause is unenforceable because it is unconscionable. *Opp.* 26:2–3. The Court agrees.

Plaintiffs have the burden of proving unconscionability. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 247 (2012). "Unconscionability consists of both procedural and substantive elements. The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power," whereas "[s]ubstantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Id.* at 246.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

"Both procedural unconscionability and substantive unconscionability must be shown, but 'they need not be present in the same degree' and are evaluated on 'a sliding scale.'" *Id.* at 247 (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). "In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal. 4th at 114.

Plaintiffs argue the delegation clause is procedurally unconscionable because (1) it is a contract of adhesion and, Defendants, as the only providers of the AP exams, hold all of the bargaining power; (2) if Plaintiffs rejected the clause, their hundreds of hours spent preparing for their AP exams would have been wasted; and (3) the delegation clause was hidden.[4] *See Opp.* 26:9–27, 27:8–14.

The Court concludes that there was some degree of procedural unconscionability here due to the unequal bargaining power among the parties and the adhesive nature of the contract. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1262 (9th Cir. 2017). However, the Court rejects Plaintiffs' argument that the delegation clause was hidden—it appears directly in the language of the arbitration provision, which is written in plain language.

Plaintiffs contend that the delegation clause is substantively unconscionable because it lacks mutuality. *Opp.* 27:28–28:2. Specifically, Plaintiffs note that the My AP Agreement requires all students to arbitrate all claims, but it allows Defendants to bring intellectual property claims in any forum. *Id.* 27:23–28:6. The Court agrees.

"Where the party with stronger bargaining power has restricted the weaker party to the arbitral forum, but reserved for itself the ability to seek redress in either an arbitral or judicial forum, California courts have found a lack of mutuality supporting substantive unconscionability." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1285 (9th Cir. 2006). Therefore, because (1) the intellectual property carve-out favors Defendants on its face, (2) Defendants were the drafting party and have superior bargaining power, and (3) the carve-out has no "modicum of bilaterality," the delegation clause is substantively unconscionable. *See Thompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1031 (9th Cir. 2016).

Accordingly, the delegation clause is unenforceable because it is unconscionable. As

---

[4] These arguments in Plaintiffs' opposition were directed toward the AP Exam Agreement, but they apply equally to the My AP Agreement. However, the Court does not consider Plaintiffs' arguments that only apply to the AP Exam Agreement in this section of the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

such, the Court can consider Plaintiffs' challenges to the validity and enforceability of the My AP Agreement.

> iii.   *Enforceability of the My AP Agreement*

The Court now must determine "whether a *valid* agreement to arbitrate exists." *Cox*, 533 F.3d at 1119 (quoting *Chiron*, 207 F.3d at 1130) (emphasis added). The Court applies ordinary California-law principles to make this determination. *See First Options*, 514 U.S. at 944.

For the same reasons discussed above, the Court finds that the My AP Agreement, as a whole, is unconscionable. Not only does the agreement specifically carve out any intellectual property claims brought by Defendants, but also it indicates that Defendants can choose to litigate *any* claim against Plaintiffs in either a judicial or arbitral forum.

The My AP Agreement states that "all *student* disputes *against* College Board and/or any of all of its contractors" shall be arbitrated. *My AP Agreement* (emphases added). The only logical implication of such language is that the agreement only flows one way—Plaintiffs must arbitrate all of their claims against Defendants, but Defendants are not obligated to arbitrate any of their claims against Plaintiffs. *See id.* Because the My AP Agreement carves out *all* of Defendants' claims against Plaintiffs, it clearly favors Defendants on its face and lacks any "modicum of bilaterality." *See Thompkins*, 840 F.3d at 1031. Accordingly, the My AP Agreement is unconscionable and unenforceable, and the Court **DENIES** Defendants' motion to compel arbitration and to stay further proceedings on this ground.

> B.   The AP Exam Agreement

Defendants argue that the Court should grant its motion to compel arbitration and to stay further proceedings because the AP Exam Agreement also contained an arbitration provision.[5] *Mot.* 16:21–19:10.

Plaintiffs who took an online AP exam were required to accept the AP Exam Agreement, *Clewley Decl.* ¶ 14, which states:

---

[5] While some Plaintiffs did not sign the AP Exam Agreement, Defendants argue that their claims should be stayed pending arbitration of the claims of Plaintiffs who did sign the AP Exam Agreement. *Mot.* 28:2–30:3; *Reply* 18:2–11. The Court considers that argument later in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

All disputes between you and College Board and/or any or all of its contractors that relate in any way to registering for or taking the AP exam, . . . but excluding all claims that a party violated the intellectual property rights of the other party, shall exclusively be resolved by a single arbitrator through binding, individual arbitration administered by the American Arbitration Association ("*AAA*") under the AAA Consumer Arbitration Rules in effect at the time a request for arbitration is filed with the AAA.  Copies of the AAA Rules can be located at adr.org.

*Clewley Decl.* ¶ 12 ("*AP Exam Agreement*").

To determine whether to grant Defendants' motion under the AP Exam Agreement, the Court must engage in the same analysis as above.

First, the Court considers whether the parties formed a contract when the student Plaintiffs accepted the AP Exam Agreement.  The Court concludes that they did.

Second, the Court considers whether the AP Exam Agreement contains a valid delegation clause.  It does.  And, unlike the My AP Agreement, the delegation clause in the AP Exam Agreement is valid.

Accordingly, because the parties agreed to arbitrate arbitrability in the AP Exam Agreement, the Court does not consider any of Plaintiffs' challenges to the validity or enforceability of the AP Exam Agreement as a whole.

       *i.*     *Formation of the AP Exam Agreement*

The first issue the Court must determine is whether the parties formed a contract.  *See Cox*, 533 F.3d at 1119 (noting that the two-step inquiry under the FAA begins with determining whether an agreement to arbitrate exists).

Defendants offer evidence that all Plaintiffs who took an online AP exam were required to, and did in fact, click a box that accepted Defendants' terms and conditions—i.e., the AP Exam Agreement.  *Mot.* 13:8–14:22; *Clewley Decl.* ¶¶ 16–17; *Supp. Clewley Decl.* ¶ 12.a.–i. Test takers could not have taken their exams without accepting the agreement.  *Clewley Decl.* ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

Nonetheless, Plaintiffs argue that they did not accept the AP Exam Agreement. *Opp.* 19:6–8. First, they argue that they did not assent to the AP Exam Agreement. *Opp.* 20:26–23:11. Second, they argue that the AP Exam Agreement lacks consideration. *Id.* 19:9–20:24. Third, they argue that Defendants engaged in "stealth tactics" to induce Plaintiffs to agree to the AP Exam Agreement. *Id.* 23:12–24:22. The Court rejects each of Plaintiffs' arguments in turn.

### a.    Assent to the AP Exam Agreement

First, Plaintiffs argue that the Court should consider the AP Exam Agreement to be more of a "browsewrap" agreement than a "clickwrap" agreement, and that they did not assent to the agreement because they did not have reasonable notice of its terms. *See Opp.* 21:20–22:16.

In the world of online contracts, a browsewrap agreement is one where a party's terms and conditions are posted somewhere on its website or online platform, but a user can continue to use the party's website or platform without expressly agreeing to be bound by those terms. *See Nguyen*, 763 F.3d at 1176. On the other hand, clickwrap agreements require the user's affirmative assent; they require the user to click "I agree" to the terms and conditions in order to proceed. *Id.* at 1175–76. Accordingly, here, where Defendants have offered evidence that it would have been impossible for Plaintiffs to take their AP exams without clicking a box accepting the AP Exam Agreement, the agreement is clearly a clickwrap agreement, and Plaintiffs' assent to the clickwrap agreement is valid regardless of their actual notice of the agreement's terms. *See In re Holl*, 925 F.3d at 1084.

Plaintiffs cite no in-circuit case that has found differently, and one of the cases that Plaintiffs cite explicitly rejects their argument. *See Swift v. Zynga Game Networks, Inc.*, 805 F. Supp. 2d 904, 910, 912 (rejecting "Plaintiff's argument that she was not provided with sufficient notice of the contractual terms she was assenting to" because they were "not visible on the page but instead [we]re linked by the blue hyperlink within a smaller grey font following the 'Allow' button").

As such, the Court rejects Plaintiffs' first argument. *See In re Holl*, 925 F.3d at 1084 ("Here, there is no question [that the plaintiff] affirmatively assented to the UPS My Choice Service Terms. He checked a box acknowledging as much.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

b.    *Consideration for the AP Exam Agreement*

Plaintiffs next argue that the AP Exam Agreement lacks consideration. *Opp.* 19:9–20:24. Plaintiffs contend that the agreement lacks consideration in three ways: (1) Defendants "incur[], quite literally, no obligations under the AP Exam Terms;" (2) even if the agreement imposed duties on Defendants, those legal duties already existed, and agreeing to perform a preexisting legal duty does not qualify as consideration; and (3) the agreement requires non-mutual waivers by the parties. *Id.* The Court disagrees on all grounds; the AP Exam Agreement is supported by consideration.

First, When Plaintiffs registered to take the online AP exams, Plaintiffs gave Defendants money in exchange for Defendants' services. *Reply* 10:21–11:1. Specifically, Plaintiffs paid a registration fee in exchange for Defendants' promise to administer the exams and to provide Plaintiffs with their scores. *Id.* Therefore, the AP Exam Agreement is an ordinary, bilateral contract. *See Bleecher v. Conte*, 29 Cal 3d 345, 350 (1981) ("A bilateral contract is one in which there are mutual promises given in consideration of each other.").[6]

Second, the Court is not persuaded by Plaintiffs' contention that Defendants had a pre-existing legal obligation to administer and grade Plaintiffs' exams, such that the AP Exam Agreement was not supported by consideration. *Opp.* 20:14–24. Plaintiffs attempt to substantiate this claim by citing to numerous statutes that in some way reference the AP exams. *See id.* 20:18–22 (citing *Declaration of Marci Lerner Miller*, Dkt. # 27 ("*Miller Decl.*"), ¶¶ 3–12). However, none of these statutes explicitly require Defendants to administer the AP exam to anyone who demands to take it. Therefore, Defendants were not required to administer and grade any of Plaintiffs' exams until the Plaintiffs paid their registration fee and agreed to the AP Exam Agreement. Accordingly, because Defendants had no duty to administer and grade Plaintiffs' exams until they signed the agreement, the Court rejects Plaintiffs' contention.

Third, the Court rejects Plaintiffs' argument that the alleged non-mutuality of certain portions of the AP Exam Agreement establishes a lack of consideration. *Id.* 20:1–13. Even if Plaintiffs are correct that some of the provisions in the agreement lack mutuality, which is debatable at best, Plaintiffs cite no authority supporting their proposition that this bilateral contract therefore lacks consideration.

---

[6] In reply, Defendants argue that California law does not apply to Plaintiffs who live outside of California. *Reply* 11:5 n.5. The Court declines to consider this argument because, even accepting Plaintiffs' sole reliance on California law, it rejects Plaintiffs' contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

Accordingly, the AP Exam Agreement is supported by consideration.

> *c.   Stealth tactics*

Finally, Plaintiffs argue that the AP Exam Agreement was never formed because Defendants used "stealth tactics" to obtain Plaintiffs' acceptance. *Id.* 23:13–22.

Plaintiffs contend that the AP Exam Agreement was the result of stealth tactics because "[s]tudents believed that, after reading an entire page of terms and conditions concerning cheating, plagiarism, intellectual property, and other matters[,] they had already read [Defendants'] terms and conditions prior to checking the box to continue to the AP Exam." *Id.* 24:4–7. Moreover, Plaintiffs argue, students (1) only had thirty minutes to review the entire AP Exam Agreement during the time allotted for pre-test administrative tasks, (2) were warned never to leave their main browser, and (3) were told not to consult with anyone during their exams. *Id.* 23:24–27, 24:8–17.

While Plaintiffs' arguments might possess merit in other circumstances, the Court rejects them here. Defendants advised all Plaintiffs who accepted the AP Exam Agreement to review the agreement at least two days before exam day. *Supp. Clewley Decl.* ¶ 10; *Reply* 10:7–18. These Plaintiffs received and opened an email from Defendants, which included the following hyperlinks under "**Exam Tips**": "2. Review the <u>AP Exam Day Checklist</u> and <u>exam terms and conditions</u> before the exam." *Supp. Clewley Decl.* ¶¶ 10, 13. Therefore, all of Plaintiffs' arguments about accepting the AP Exam Agreement on exam day are irrelevant—Defendants told Plaintiffs to review the agreement multiple days before the exam, during which time they were free to browse any sites or consult with anyone regarding the terms of the agreement.

Accordingly, Plaintiffs did not accept the AP Exam Agreement because of Defendants' "stealth tactics." As such, the parties formed a contract when Plaintiffs clicked a box that accepted the AP Exam Agreement. The Court now turns to the AP Exam Agreement's delegation clause.

> *ii.   The AP Exam Agreement's delegation clause*

As discussed above, to determine the Court's scope of inquiry for this motion, it must first determine if the parties agreed to arbitrate arbitrability. *See Dvorsky*, 2017 WL 7079459, at *3 (when the parties delegate issues of arbitrability to the arbitrator, "the Court need not reach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

the threshold questions of . . . whether the arbitration agreement is valid and whether the claims at issue are within its scope").

The Court first considers whether the AP Exam Agreement contains a delegation clause. It does. The Court then considers whether the clause is unconscionable. It is not. Accordingly, the Court does not consider Plaintiffs' arguments about the validity and enforceability of the AP Exam Agreement because the parties agreed to arbitrate arbitrability.

        *a.*       *Whether there is a delegation clause in the AP Exam Agreement*

The AP Exam Agreement states: "**All disputes between you and College Board will be resolved through binding arbitration in accordance with section 8 of this Agreement.**" *AP Exam Agreement*. Section 8 of the agreement, titled "**ARBITRATION OF DISPUTES**," provides:

> All disputes between you and College Board and/or any or all of its contractors that relate in any way to registering for or taking the AP exam, . . . but excluding all claims that a party violated the intellectual property rights of the other party, shall exclusively be resolved by a single arbitrator through binding, individual arbitration administered by the American Arbitration Association ("*AAA*") under the AAA Consumer Arbitration Rules in effect at the time a request for arbitration is filed with the AAA. Copies of the AAA Rules can be located at adr.org.

*Id.*

Defendant argues that the AP Exam Agreement clearly and unmistakably delegated issues of arbitrability to the arbitrator for the same reasons discussed regarding the My AP Agreement. *Mot.* 19:21–27. Likewise, Plaintiffs counter with the same arguments addressed above. *Opp.* 25:1–11. Accordingly, the Court reaches the same conclusion here—because the AP Exam Agreement requires arbitration of *all* disputes that relate *in any way* to registering for the AP exam, and because incorporation of the AAA rules indicates an intent to arbitrate arbitrability, the Court finds that the parties delegated issues of arbitrability to the arbitrator.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

> b.    *Whether the AP Exam Agreement's delegation clause is unconscionable*

Plaintiffs argue that, even if the delegation clause is clear and unmistakable, the clause is unenforceable because it is unconscionable. *Opp.* 26:2–3. The Court disagrees.

Even assuming that Plaintiffs could establish a relatively high degree of procedural unconscionability, the agreement is not substantively unconscionable.

Above, the Court concluded that the delegation clause, and the My AP Agreement as a whole, are unconscionable because they require Plaintiffs to arbitrate their potential claims, but they do not require Defendants to arbitrate their potential claims. By contrast, the AP Exam Agreement is explicitly mutual—"[a]ll disputes *between*" the parties must be arbitrated, except for "claims that *a party* violated the intellectual property rights of *the other party*." *See AP Exam Agreement* (emphases added).

Therefore, (1) because the AP Exam Agreement's intellectual property carve-out (a) does not favor Defendants on its face and (b) is expressly bilateral, and (2) because Defendants "have valuable intellectual property rights" in their exam questions and procedures, *see Reply* 14:18–15:10, the delegation clause is not substantively unconscionable, *see Thompkins*, 840 F.3d at 1031 ("[T]o the extent [the drafting party] has valuable intellectual property rights in its website and database, it is entitled to an extra 'margin of safety' based on legitimate business needs." (quoting *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1250 (2016))).

Accordingly, the AP Exam Agreement's delegation clause is valid, and all issues of arbitrability are reserved for the arbitrator. However, the Court must next consider Plaintiffs' miscellaneous opposition arguments before it decides whether to compel arbitration.

C.    <u>Miscellaneous Opposition Arguments</u>

The Court now turns to the various other arguments in Plaintiffs' opposition brief.

> i.    *Evidentiary objections to Clewley's declaration*

Plaintiffs object to Clewley's declaration on several grounds: (1) relevance, (2) lack of personal knowledge, (3) hearsay, (4) violation of the best evidence rule, and (5) violation of the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

rule of completeness. *Evidentiary Objections to Declaration of James A. Clewley, Jr.*, Dkt. # 25-1 ("*Evidentiary Objections*"), 3:1–23. The Court overrules all of Plaintiffs' objections.

First, Plaintiffs argue that, because "the Clewley Declaration does not resolve all material disputes as to the question of arbitration, it is objected to in its entirety as irrelevant" under Federal Rules of Evidence 401 and 403. *Evidentiary Objections* 3:1–3.

The Court overrules this objection. Clewley's declarations establish that Plaintiffs who took an online AP exam (1) could not have done so without accepting the AP Exam Agreement, (2) received and opened an email at least two days before the exam that instructed Plaintiffs to review the exam terms and conditions, and (3) in fact accepted the AP Exam Agreement. *Clewley Decl.* ¶¶ 12, 14, 16–17; *Supp. Clewley Decl.* ¶¶ 9–10, 12–13. To the extent Plaintiffs argue that there is a genuine dispute of fact because their own declarations allege that they do not remember these events, they are mistaken. Clewley's declarations conclusively establish that it would have been impossible to take the exam without accepting the AP Exam Agreement and that Plaintiffs did, in fact, accept it. *Clewley Decl.* ¶¶ 12, 14, 16–17; *Supp. Clewley Decl.* ¶¶ 9–10, 12–13. Therefore, the Court overrules Plaintiffs' relevance objection.

Second, Plaintiffs contend that Clewley lacks the personal knowledge to support his declaration. *Evidentiary Objections* 3:25–4:8. The Court disagrees.

Clewley is "the Executive Director of Platform Management and Delivery Solutions for Advanced Placement at College Board." *Clewley Decl.* ¶ 2. In that capacity, he has "personal knowledge of the business affairs of College Board," including "personal knowledge of College Board's website and AP exam registration process." *Id.* ¶ 3. Plaintiffs cite no case that suggests such a person lacks personal knowledge to testify about the exam registration process or the records that Defendants' kept regarding that process. Therefore, the Court overrules Plaintiffs' personal knowledge objection.

Third, Plaintiffs argue that Clewley's declaration is inadmissible hearsay. *Evidentiary Objections* 4:10–16. The Court disagrees.

Clewley can testify about records of a regularly conducted activity—i.e., administering the AP exam—under Federal Rule of Evidence 803(6) without violating the rule against hearsay. *See Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989 (N.D. Cal. 2017). And even if Plaintiffs could establish that Clewley is not qualified to testify about the records, there is an individual who works for Defendants who would be. This is sufficient for the purposes of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
| --- | --- | --- | --- |
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

motion. *See Stover-Davis v. Aetna Life Ins. Co.*, No. 1:15-cv-1938-BAM, 2016 WL 2756848, at *3 (E.D. Cal. May 12, 2016) (at this stage, the objection must focus on the admissibility of its contents, not its form). Moreover, this information might be admissible under a number of other theories, including as words/acts of independent legal significance or as an opposing party's statement. *See N.L.R.B. v. H. Koch & Sons*, 578 F.2d 1287, 1290–91 (9th Cir. 1978); Fed. R. Evid. 801(d)(2)(A). Therefore, the Court overrules Plaintiffs' hearsay objection.

Fourth, Plaintiffs argue that Clewley's declaration violates the best evidence rule. *Evidentiary Objections* 3:23, 5–8. The Court overrules this conclusory objection, which is unsupported by a specific argument. Moreover, this objection is inappropriate at this stage. *See Stover-Davis*, 2016 WL 2756848 at *3

Fifth, Plaintiffs argue that Clewley's declaration violates the rule of completeness. *Evidentiary Objections* 4:18–27. The Court disagrees. Clewley's declaration conclusively establishes that Plaintiffs who took an online AP exam accepted the AP Exam Agreement. Plaintiffs have not alleged a single piece of information that they might uncover from reviewing the complete records that would negate Clewley's testimony. Therefore, the Court overrules Plaintiffs' rule of completeness objection.

Accordingly, all of Plaintiffs' objections are overruled.

### ii. *Claims that pre-date the AP Exam Agreement*

Plaintiff M.W.[7] contends that the Court cannot compel her to arbitrate her claim that Defendants refused to provide her with pre-approved accommodations for her May 18, 2020, AP Biology exam. *Opp.* 15:12–24. M.W. did not take her Biology exam, and thus did not sign the AP Exam Agreement, because of Defendants' refusal. *Id.* Therefore, she did not sign the AP Exam Agreement until she took her AP Statistics exam on June 4, 2020, and she argues that the AP Exam Agreement does not apply retroactively to her claim regarding her Biology exam. *Id.* Defendants counter that there is no temporal limitation in the AP Exam Agreement. *Reply* 12:1–8. The Court agrees with M.W.

The AP Exam Agreement provides that "[a]ll disputes between [the parties] that relate in any way to registering for or taking the AP Exam" shall be arbitrated. *AP Exam Agreement*. Because the provision applies to claims related to "*the* AP Exam," it could be interpreted

---

[7] M.W. is represented by her mother, C.W., in this dispute. *FAC* ¶ 1. The Court refers to M.W. for ease of analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

multiple ways. *Id.* (emphasis added). The agreement could be interpreted to apply to "this" AP exam, which would support M.W.'s position, or "any" AP exam, or even "the AP Exams," which would both support Defendants' position.

Although it is a close call, the Court concludes that the better interpretation is that each AP Exam Agreement applies to registering for and taking that particular exam, and therefore the agreements do not apply retroactively to cover past exams. This interpretation is bolstered by the fact that all test takers were required to accept an AP Exam Agreement each time they took an exam, *see Clewley Decl.* ¶ 18; if an AP Exam Agreement covered all claims relating to any exam—with no temporal restriction—there would be no need for students to accept a new agreement each time they took an exam.

Accordingly, Defendants cannot compel arbitration of M.W.'s claim relating to her May 18, 2020, AP Biology exam.

### iii.    *Disabled Plaintiffs' specific defenses*

Plaintiffs such as M.W., who were pre-approved for breaks or extra time on the test due to disabilities, argue that they needed more time to review the AP Exam Agreement on exam day, but that Defendants did not provide them with any. *Opp.* 13:13–18. The Court disagrees that this affects these Plaintiffs' acceptances of the AP Exam Agreement. Just like all other Plaintiffs who accepted the AP Exam Agreement, M.W. and other disabled Plaintiffs received and opened Defendants' email, which advised them to review the agreement, multiple days before they took their exams. *Supp. Clewley Decl.* ¶¶ 10, 13; *Reply* 10:7–18.

Separately, Plaintiff N.C.,[8] who is colorblind, argues that the AP Exam Agreement's hyperlinks were indicated by their text being blue, and therefore he could not have known that there was any hyperlink to the agreement's terms and conditions before he accepted the agreement. *Opp.* 13:19–28. The Court disagrees. The hyperlinks to the agreement's terms and conditions were not only blue, but also, they were italicized, which differentiated them from the other text. *See AP Exam Agreement.* Moreover, N.C. received and opened the email that recommended he review the exam terms before test day, and the hyperlink in the email was indicated by the fact that it was underlined (and blue). *See Supp. Clewley Decl.* ¶¶ 10, 13.

Accordingly, the Court rejects these arguments.

---

[8] N.C. is represented by his father, P.C., in this dispute. *FAC* ¶ 1. The Court refers to N.C. for ease of analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

      *iv.    Defendant ETS's enforcement of the AP Exam Agreement*

      In a footnote, Plaintiffs argue that "[Defendant] ETS has identified no basis to compel arbitration nor do Defendants make any credible argument that ETS is a part or third-party beneficiary to either of the two agreements identified by College Board." *Opp.* 12:25 n.3. But the AP Exam Agreement covers the College Board "and/or any or all of its contractors," *see AP Exam Agreement*, and ETS qualifies as a contractor, *see Reply* 17:24 n.12; *FAC* ¶ 27 ("Plaintiffs are informed and believe that ETS developed and administered the 2020 AP Exams on behalf of Defendant College Board."). Therefore, ETS can compel arbitration under the AP Exam Agreement.

      Having found that the Plaintiffs who accepted the AP Exam Agreement agreed to arbitrate arbitrability, and having rejected all of their counterarguments, the Court concludes that there is no basis for such Plaintiffs to resist arbitration. Accordingly, the Court **GRANTS** Defendants' motion to compel arbitration and to stay further proceedings for all Plaintiffs who accepted the AP Exam Agreement. The Court now considers whether to do the same for Plaintiff FairTest's claims.

      *v.    Whether to compel arbitration of FairTest's claims*

      Plaintiff FairTest is an organization that "works on behalf of examinees to end the misuses of standardized tests, placing special emphasis on eliminating the racial, class, gender, and cultural barriers to equal opportunity." *FAC* ¶ 15. When Defendants shifted to online exams due to COVID-19, FairTest "expended significant resources addressing the issues associated with the at-home exam and advocating for the student groups most affected." *Id.* ¶ 118.

      Defendants argue that, although FairTest did not agree to the AP Exam Agreement, it should be bound by the agreement's terms because "FairTest brings claims dependent on [the] contract between College Board and Test-Taker Plaintiffs. It also sues to enforce this very contract. By seeking to enjoy the benefits of the parties' agreement, FairTest cannot be heard to simultaneously avoid the contract's obligations, namely its arbitration provision." *Mot.* 25:7–10.

      FairTest counters that it "does not derive its status as a plaintiff as a third-party beneficiary" of the AP Exam Agreement; "rather, FairTest is an organizational plaintiff with its own causes of action." *Opp.* 16:3–6. Specifically, "FairTest suffered injury by diverting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

significant resources as a result of College Board's grossly negligent and discriminatory administration of the AP Exams this year." *Id.* 16:21–24.

FairTest's argument lacks merit. As Defendants note in their reply brief, "FairTest does not bring any independent causes of action—all claims are brought, undifferentiated, on behalf of all Plaintiffs, including claims premised on the contract between College Board and test takers." *Reply* 17:15–18. Moreover, Defendants' liability on FairTest's claims all depend on whether they are liable for their alleged negligence and discrimination against test takers. In other words, if Defendants were not negligent or discriminatory—i.e., if they did not breach the AP Exam Agreement or commit related torts *against test takers*—then FairTest is not entitled to compensation for the resources it diverted to address Defendants' *lawful* administration of the AP exams.

As such, FairTest cannot rely on Defendants' alleged misconduct toward the Plaintiffs who are required to arbitrate under the AP Exam Agreement while simultaneously denying that it should be bound by the agreement. *See Jensen v. U-Haul Co. of Cal.*, 11 Cal. App. 5th 295, 307 (2017) ("We are persuaded that if [the signatory] had alleged injuries similar to those allegedly suffered by [the non-signatory], and [the non-signatory] asserted similar claims, [the non-signatory] would be required to arbitrate the matter because of the dispute's 'roots in the relationship between the parties which was created by the contract' . . . ."). Accordingly, the Court **GRANTS** Defendants' motion to compel FairTest to arbitrate any of its claims that depend on the claims of Plaintiffs who accepted the AP Exam Agreement.

The Court now considers whether to stay the claims of student Plaintiffs who did *not* accept the AP Exam Agreement.

D.      Whether to Stay the Claims of Student Plaintiffs Who Did Not Agree to Arbitrate

Finally, the Court must decide whether to stay Plaintiff L.B.'s[9] and Plaintiff A.K.'s claims. The Court must also consider whether to stay FairTest's claims that are based on L.B.'s and A.K.'s claims.

L.B. and A.K. never accepted the AP Exam Agreement because they did not take any 2020 AP exams. *Supp. Clewley Decl.* ¶ 14. Therefore, Defendants cannot compel them to

---

[9] D.M. brings the claim on behalf of her minor son L.B. *FAC* ¶ 1. The Court refers to L.B. for ease of analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

arbitrate their claims. Moreover, to the extent that FairTest brings claims that depend on L.B.'s and A.K.'s claims, Defendants cannot compel it to arbitrate those claims.

Defendants nonetheless argue that the Court should stay the entirety of the action pending arbitration of the arbitrable claims. *Mot.* 28:2–30:3; *Reply* 18:2–11. The Court agrees.

When only some claims in a suit must be arbitrated, the Court has the discretion to stay the non-arbitrable claims. *See Chartwell Staffing Servs. Inc. v. Atlantic Sols. Grp. Inc.*, No. 8:19-cv-00642-JLS-JDE, 2020 WL 620294, at *12 (C.D. Cal. Jan. 9, 2020). This authority stems from the "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Chartwell*, 2020 WL 620294, at *12.

When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Jaffe v. Zamora*, 57 F. Supp. 3d 1244, 1248 (C.D. Cal. 2014); *Anderson v. Salesforce.com, Inc.*, No. 18-cv-06712-PJH, 2018 WL 6728015, at *3 (N.D. Cal. Dec. 21, 2018); *Chartwell*, 2020 WL 620294, at *12. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

   *i.   Possible damage to Plaintiffs from a stay*

Plaintiffs' sole argument is that "considerations of equity call for providing [Plaintiffs who are not subject to arbitration] with relief through the court system and weigh against a stay of their claims in the event any portion of the proposed class is required to arbitrate their claims." *Opp.* 15:11 n.4. Plaintiffs continue, "[t]he inability to successfully take the AP Exams has already injured and will continue to injure these students and they would therefore be prejudiced if forced to wait further for relief." *Id.*

Defendants counter that "unadorned complaints of delay are not enough to show prejudice." *Reply* 18:5–6. The Court agrees that "a delay in compensation for past harms does not equate to a strong showing of prejudice." *See Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 5:13–cv–05430 EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); *Errington v. Time Warner Cable Inc.*, No. 2:15-CV-02196 RSWL (DTB), 2016 WL 2930696, at *2 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

Cal. May 18, 2016) ("[C]ourts have held that there is no likelihood of damage or harm to the non-moving party merely because the stay could cause a delay to the plaintiff in receiving money damages.").

Accordingly, this factor weighs against granting the stay, but only slightly.

>    ii.    *Hardship on Defendants if required to move forward*

Defendants argue that, "if a stay were denied, Defendants would be left to simultaneously pursue arbitration against some and litigation against others, and face the potential of inconsistent results." *Mot.* 29:26–28.

Plaintiffs do not address this argument.  But even if they did, the Court would agree with Defendants because it would be "burdensome upon the parties if the district court were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially similar process." *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *Chattanond v. Discover Fin. Servs., LLC*, No. CV 15-08549-RSWL-JCx, 2016 WL 8202736, at *3 (C.D. Cal. Feb. 26, 2016) (in the context of a stay pending Supreme Court review of an issue, finding that potentially "unnecessary proceedings and expenses" in the absence of a stay constitute hardship on a defendant).

Accordingly, this factor weighs in favor of granting a stay.

>    iii.    *Simplification of the issues and judicial economy*

Defendants finally argue that a stay would promote judicial economy by avoiding parallel proceedings and inconsistent findings because all Plaintiffs "bring identical, undifferentiated causes of action," and they "expressly assert that common questions of fact and issues of law predominate over their claims." *Mot.* 28:21–29:18.

Plaintiffs do not address this argument.  But even if they did, the Court would agree with Defendants because Plaintiffs' claims all "arise from the same conduct" and allowing the arbitration to conclude will simplify, if not resolve, "issues of law or questions of fact in future proceedings." *See Salesforce.com*, 2018 WL 6728015 at *3; *see also In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d 1285, 1304 (N.D. Cal. 2018) ("A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

stay of all claims is particularly warranted in the class-action context because the complaint admits that common questions of fact and law predominate.").

Accordingly, this factor weighs heavily in favor of granting a stay.

> iv.    *Balancing the factors*

On balance, the factors weigh in favor of granting a stay. If a stay is granted, Plaintiffs will suffer only a delay of the outcome of their litigation, but both of the parties and the Court will avoid costly and potentially unnecessary proceedings. As such, the Court **GRANTS** Defendants' motion to stay *all* Plaintiffs' claims pending arbitration of the arbitrable claims.

## IV.    Conclusion

The Court **GRANTS** Defendants' motion to compel arbitration of the following Plaintiffs' claims:

- Plaintiff L.D., suing on behalf of her minor son J.D. and all others similarly situated. *See FAC* ¶ 1.

- Plaintiff D.K., suing individually and on behalf of all others similarly situated. *See id.*

- Plaintiff S.N., suing on behalf of her minor daughter C.M. and all others similarly situated. *See id.*

- Plaintiff P.C., suing on behalf of his minor son N.C and all others similarly situated. *See id.*

- Plaintiff C.T., suing on behalf of her minor son S.T. and all others similarly situated. *See id.*

- Plaintiff C.W., suing on behalf of her minor daughter M.W. and all others similarly situated, for all claims other than those related to her May 18, 2020 AP Biology exam. *See id.*

- Plaintiff J.P., suing on behalf of her minor son R.P. and all others similarly situated. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | October 30, 2020 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

- Plaintiff R.G., suing on behalf of her minor daughter Z.S. and all others similarly situated. *See id.*

- Plaintiff FairTest, for all of its claims that depend on the preceding Plaintiffs' claims—i.e., all of the claims that the foregoing Plaintiffs must arbitrate because they accepted the AP Exam Agreement.

All of these Plaintiffs accepted or are otherwise bound by the AP Exam Agreement's arbitration provision and delegation clause. Therefore, they must arbitrate their claims.

The Court **DENIES** Defendants' motion to compel arbitration of the following Plaintiffs' claims:

- Plaintiff D.M., suing on behalf of her minor son L.B. and all others similarly situated. *See id.*

- Plaintiff A.K., suing individually and on behalf of all others similarly situated. *See id.*

- Plaintiff C.W., suing on behalf of her minor daughter M.W. and all others similarly situated, for claims related to her May 18, 2020 AP Biology exam. *See id.*

- Plaintiff FairTest, for all of its claims based on these preceding Plaintiffs' claims.

These Plaintiffs did not accept the AP Exam Agreement, or any other valid agreement, with Defendants pertaining to these claims. Therefore, Defendants cannot compel them to arbitrate these claims.

Finally, the Court **GRANTS** Defendants' motion to stay all Plaintiffs' claims pending arbitration of the arbitrable claims. The case is administratively closed and may be reopened by application of any party.

**IT IS SO ORDERED.**