UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#34 (4/19)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   The Court DENIES Plaintiffs' motion for reconsideration

Before the Court is a motion for reconsideration and to reopen litigation filed by Plaintiffs The National Center for Fair & Open Testing, d/b/a FairTest ("FairTest"), J.P., L.D., D.K., S.N., P.C., C.T., C.W., D.M., A.K., R.G., and M.S.[1] (together, "Plaintiffs").  *See generally* Dkt. # 34-1 ("*Mot.*").[2]  Defendants Education Testing Services ("ETS") and The College Entrance Examination Board, d/b/a The College Board (together, "Defendants") opposed.  *See generally* Dkt. # 39 ("*Opp.*").  Plaintiffs replied.  *See generally* Dkt. # 42 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court **DENIES** Plaintiffs' motion.

I.   Background

The Court reiterates the relevant background from its October 30, 2020 order in addition to facts pertinent to the instant motion as follows.

In this putative class action, Plaintiffs claim that Defendants failed to fairly and competently administer the 2020 Advanced Placement ("AP") exams, which Defendants administered online due to COVID-19.  *See generally FAC*.

---

[1] Plaintiffs J.P., L.D., S.N., P.C., C.T., C.W., D.M., R.G., and M.S. are parents suing on behalf of their minor son or daughter.  *See First Amended Complaint*, Dkt. # 15 ("*FAC*"), ¶ 1.  Plaintiffs D.K. and A.K. bring suit on their own behalf.  *Id.*
[2] Plaintiffs' motion is Docket Entry # 34.  The Court cites to Docket Entry # 34-1 because it contains Plaintiffs' substantive arguments in support of their motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

AP Programs offer college-level coursework to high school students. *Id.* ¶ 4. Earning high scores on AP exams helps students gain admission into colleges and universities, obtain scholarships, and earn credits toward an undergraduate degree. *Id.*

Defendants develop and administer the AP exams. *Id.* ¶ 3. Ordinarily, students take the exams during regular school hours in a controlled and regulated environment. *Id.* ¶ 9. However, due to COVID-19, Defendants decided to administer the AP exams online, so that students could take the exams from their homes. *Id.* ¶ 5.

Students taking the exams from their homes encountered various technical difficulties, including being unable to submit their responses through Defendants' exam platform. *Id.* ¶ 10. Additionally, Defendants offered no reasonable remedies to students who lacked digital access or other disability accommodations at home. *Id.* ¶ 11.

As a result, Plaintiffs filed suit in this Court on behalf of themselves and others similarly situated. *See generally Complaint*, Dkt. # 1. The operative First Amended Complaint ("FAC") alleges thirteen causes of action:

> First Cause of Action: breach of contract. *See FAC* ¶¶ 144–47.
>
> Second Cause of Action: breach of the implied covenant of good faith and fair dealing. *See id.* ¶¶ 148–50.
>
> Third Cause of Action: negligence. *See id.* ¶¶ 151–56.
>
> Fourth Cause of Action: negligent misrepresentation. *See id.* ¶¶ 157–61.
>
> Fifth Cause of Action: gross negligence. *See id.* ¶¶ 162–68.
>
> Sixth Cause of Action: unjust enrichment. *See id.* ¶¶ 169–78.
>
> Seventh Cause of Action: breach of implied in fact contract. *See id.* ¶¶ 179–83.
>
> Eighth Cause of Action: breach of fiduciary duty. *See id.* ¶¶ 184–87.
>
> Ninth Cause of Action: violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. *See FAC* ¶¶ 188–90.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

> Tenth Cause of Action: violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, *et seq.* *See FAC* ¶¶ 191–95.
>
> Eleventh Cause of Action: violation of the Rehabilitation Act. *See id.* ¶¶ 196–98.
>
> Twelfth Cause of Action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* *See FAC* ¶¶ 199–202.
>
> Thirteenth Cause of Action: false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* *See FAC* ¶¶ 203–06.

On August 31, 2020, Defendants moved to stay the proceedings in favor of arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. *See generally* Dkt. # 21. The Court construed Defendants' motion as one to compel arbitration and to stay further proceedings under 9 U.S.C. § 4. *See October 30, 2020 Order Granting in Part Defendants' Motion to Compel Arbitration and Granting Defendants' Motion to Stay*, Dkt. # 32 ("*October 30 Order*"), at 1 n.1.

The Court granted in part and denied in part Defendants' motion to compel arbitration because certain Plaintiffs accepted the terms of the AP Exam Agreement when they took their exams,[3] which contained a valid delegation clause. *See generally id.* The Court granted Defendants' motion to compel arbitration for the following Plaintiffs' claims: (1) L.D., suing on behalf of her minor son J.D. and all others similarly situated; (2) D.K., suing individually and on behalf of all others similarly situated; (3) S.N., suing on behalf of her minor daughter C.M. and all others similarly situated; (4) P.C., suing on behalf of his minor son N.C and all others

---

[3] The AP Exam Agreement stated:

> All disputes between you and College Board and/or any or all of its contractors that relate in any way to registering for or taking the AP exam, . . . but excluding all claims that a party violated the intellectual property rights of the other party, shall exclusively be resolved by a single arbitrator through binding, individual arbitration administered by the American Arbitration Association ("*AAA*") under the AAA Consumer Arbitration Rules in effect at the time a request for arbitration is filed with the AAA. Copies of the AAA Rules can be located at adr.org.

*Declaration of James A. Clewley Jr.*, Dkt. # 21-1 ("*Clewley Decl.*"), ¶ 12 ("*AP Exam Agreement*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

similarly situated; (5) C.T., suing on behalf of her minor son S.T. and all others similarly situated; (6) C.W., suing on behalf of her minor daughter M.W. and all others similarly situated, for all claims other than those related to her May 18, 2020 AP Biology exam; (7) J.P., suing on behalf of her minor son R.P. and all others similarly situated; (8) R.G., suing on behalf of her minor daughter Z.S. and all others similarly situated; (9) FairTest, for all of its claims that depend on the preceding Plaintiffs' claims—i.e., all of the claims that the foregoing Plaintiffs must arbitrate because they accepted the AP Exam Agreement. *See October 30 Order* at 24–25.

The Court denied Defendants' motion to compel arbitration of M.W.'s[4] claim regarding her May 18, 2020 AP Biology exam because "M.W. did not take her Biology exam, and thus did not sign the AP Exam Agreement" until she took an AP Statistics exam on June 4, 2020. *See id.* at 18. The Court found that the best interpretation of the AP Exam Agreement was that "each AP Exam Agreement applies to registering for and taking that particular exam, and therefore the agreements do not apply retroactively to cover past exams." *See id.* at 19. Accordingly, the Court concluded that Defendants could not compel arbitration of M.W.'s claim relating to her May 18, 2020 AP Biology exam because, at that time, she had not yet agreed to any terms with Defendants. *See id.*

Likewise, the Court denied Defendants' motion to compel arbitration of L.B.'s[5] and A.K.'s claims because they did not take any 2020 AP exams and thus did not agree to the AP Exam Agreement. *See id.* at 21–22. The Court also denied the motion as to FairTest to the extent its claims were based on M.W.'s, L.B.'s, or A.K.'s claims that could not be compelled to arbitration. *See id.* at 25. The Court's Order administratively closed the case subject to an application to reopen by any party. *See id.*

Plaintiffs now move for the Court to reconsider its October 30 Order.[6] *See generally Mot.* For the reasons provided below, the Court **DENIES** Plaintiffs' motion.

---

[4] M.W. is represented by her mother, C.W., in this dispute. *FAC* ¶ 1. The Court refers to M.W. for ease of analysis.

[5] D.M. brings the claim on behalf of her minor son L.B. *FAC* ¶ 1. The Court refers to L.B. for ease of analysis.

[6] Plaintiffs style their motion as one to reopen pursuant to the Court's October 30 Order. The Court rejects this characterization. Plaintiffs interpreted the last line of the Court's Order—which permitted the parties to apply to reopen the case—as a wholesale invitation for them to challenge the Court's ruling. This interpretation is wrong. Such language merely allows the case to be reopened, and the stay lifted, following the arbitration that the Court ordered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

II. Legal Standard

Plaintiffs' motion for reconsideration is governed Local Rule 7-18. *See In re Benham*, No. CV13–00205–VBF, 2013 WL 3872185, at *2 (C.D. Cal. May 29, 2013) ("When a party seeks reconsideration of an interlocutory order rather than a final judgment, [] the motion is governed by Local Rule 7-18.").

Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

III. Discussion

Plaintiffs do not specifically assert why their motion meets the Local Rule 7-18 standard. For that reason alone, their motion lacks merit. However, to the extent the Court can construe how Plaintiffs' arguments would apply under the proper standard, the Court rejects them.

    A.    <u>Arguments Previously Raised by Plaintiffs and Rejected by the Court</u>

Local Rule 7-18 is explicit: "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Despite this clear language, Plaintiffs assert two arguments that they already raised.

First, Plaintiffs argue that FairTest and the Student Plaintiffs must be permitted to protect the public through claims for public injunctive relief. *Mot.* 29:2–30:14. Plaintiffs raised this argument in their opposition to Defendants' motion to compel arbitration. *See* Dkt. # 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

28:19–29:3. The Court implicitly rejected this argument by failing to discuss it in the Court's Order. The Court was correct to do so. *See Moffett v. Recording Radio Film Connection, Inc.*, No. CV 19-3319 PSG (KSx), 2019 WL 6898955, at *7 ("Courts have found, post-*McGill*, that where there is a delegation provision [ ] the public injunctive relief question is reserved to the arbitrator." (quoting *Revitch v. Uber Techs., Inc.*, No. 18-CV-2974-PSG-GJS, 2018 WL 6340755, at *5 (C.D. Cal. Sept. 5, 2018))).

Second, Plaintiffs argue that they were minors when they entered any relevant contracts and they have "disaffirmed the AP Exam Terms associated with their respective AP Exam(s) at issue in this lawsuit. Therefore, the AP Exam Agreements are rendered a 'nullity' with respect to each of these Student Plaintiffs. Accordingly, arbitration can no longer be compelled against these Student Plaintiffs as a matter of law." *Mot.* 19:23–28 (quoting *Scollan v. Gov't Emps. Ins. Co.*, 222 Cal. App. 2d 181, 183–84 (1963)). Plaintiffs raised this argument in their opposition to Defendants' motion to compel arbitration. *See* Dkt. # 25: 16:25–17:17. The Court implicitly rejected this argument by failing to discuss it in the Court's Order. The Court was correct to do so because (1) all of Plaintiffs' theories of recovery depend on their contracts with Defendants, and therefore Plaintiffs cannot disaffirm the contracts while seeking their benefits, *see Paster v. Putney Student Travel, Inc.*, No. CV 99–2062 RSWL, 1999 WL 1074120, at *2 (C.D. Cal. June 9, 1999) ("Plaintiff . . . cannot accept the benefits of a contract and then seek to void it in an attempt to escape the consequences of a clause that do[es] not suit her."); and (2) Plaintiffs' infancy defense relates to the enforceability of the contracts and, therefore, is an issue to be decided by the arbitrator, *see In re StockX Customer Data Sec. Breach Litig.*, No. 19-12441, 2020 WL 7645597, at *6 (E.D. Mich. Dec. 23, 2020) ("Plaintiffs' infancy defense is a question of arbitrability reserved for the arbitrator.").

Accordingly, the Court **DENIES** Plaintiffs' motion related to these arguments because they are improper grounds for a Local Rule 7-18 motion.

B.   Arguments that Plaintiffs Failed to Raise without Excuse

Two of Plaintiffs' other arguments fail because Plaintiffs could have raised the arguments when opposing Defendants' motion to compel arbitration but did not do so. *See* Local Rule 7-18(a) (requiring that the facts or law in a reconsideration motion could not have been known in the exercise of reasonable diligence at the time of the prior motion); Local Rule 7-18(b) (requiring change in facts or law *after* the prior decision).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

First, for the first time in Plaintiffs' reconsideration motion, they claim that lifting the stay would not "run the risk of either parallel proceedings or inconsistent findings," and therefore the stay does not promote judicial economy. *Mot.* 28:14–15. Because the facts and law upon which Plaintiffs rely were available to them when opposing Defendants' motion to compel arbitration, this argument cannot be raised under Local Rule 7-18.

Second, Plaintiffs argue that "circumstances have changed and worsened for the Student Plaintiffs with non-arbitrable claims and they will suffer more than monetary damage from a further stay," including that they are unable "to register for the 2021 AP Tests and their intended substitute, the College Board's SAT Subject Tests," and that they are unable "to progress in their college curriculum while waiting for this case to be determined." *Mot.* 26:6–11.

As Defendants correctly point out, "Plaintiffs foresaw the very 'changed' circumstances of which they now complain." *Opp.* 21:20–21; *see FAC* ¶ 115 ("Due to the testing difficulties, . . . students may forego the opportunity to earn the college credits (and cost savings) that come along with [AP] courses."); *id.* ¶ 135 ("[D.K.] was counting on passing as many AP exams as possible to receive college credit and to reduce his total college tuition cost."). However, in opposing Defendants' prior motion, Plaintiffs' sole argument against granting a stay of the non-arbitrable claims came in a two-sentence footnote: "Plaintiffs submit that considerations of equity call for providing Disabled and Charter Plaintiffs with relief through the court system and weigh against a stay of their claims . . . . The inability to successfully take the AP exams has already injured and will continue to injure these students and they would therefore be prejudiced if forced to wait further for relief." *See* Dkt. # 25 15:11 n.4; *October 30 Order* at 22. The fact that Plaintiffs may regret their failure to comprehensively brief the issue when opposing Defendants' prior motion does not entitle them to reconsideration under Local Rule 7-18.

Accordingly, the Court **DENIES** Plaintiffs' motion related to these arguments because they are improper grounds for a Local Rule 7-18 motion.

    C.    <u>Plaintiffs' Purported Newly Discovered Facts</u>

Plaintiffs argue that, after the Court's October 30 Order, Defendants provided data related to Plaintiffs' acceptance of the AP Exam Agreements that conflicts with the data Defendants provided before the Court's Order. *See Mot.* 8:22–16:17. Specifically, Plaintiffs argue that Defendants' old data reflected that Plaintiffs took the AP Exams on specific dates, but that the new data indicated that the exams were rescheduled rather than taken. *Id.* 13:16–19, 14:23–26. And, because "there was no promise to administer the exam or provide Plaintiffs with their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

scores for the rescheduled ('ERE') exams," Plaintiffs contend that the AP Exam Agreements were unenforceable because they were not supported by consideration. *Id.* 15:24–16:8.

Defendants counter that the data is not inconsistent and that they have internal business records reflecting that each Plaintiff accepted the AP Exam Agreement for the tests in question. *See Opp.* 12:23–14:12; *Third Declaration of James A. Clewley*, Dkt. # 39-1 ("*Clewley Decl. III*"), ¶¶ 13–22.

In reply, Plaintiffs (1) assert various evidentiary objections related to Clewley's declaration, (2) suggest that he is perjuring himself, and (3) argue that, even if each Plaintiff accepted the AP Exam Agreement before beginning their test, the agreements lack consideration. *See generally Reply*.

The Court rejects Plaintiffs' arguments.

First, the Court already denied substantially identical evidentiary objections to Clewley's declarations when ruling on Defendants' prior motion. *See October 30 Order* at 15–17.

Second, Clewley offers a plausible explanation for the discrepancies in the data. "Here is an illustrative example. When Plaintiff D.K. opened the Calculus BC AP exam on May 12, 2020 and agreed to the AP Exam Terms, two things happened in College Board internal records. First, when D.K. clicked 'I agree to the Terms and Conditions,' College Board systems recorded a 'terms and conditions timestamp.' Second, when D.K. opened the actual exam and viewed the first question, College Board systems recorded the exam as 'TKN' or taken. I understand that at the end of the exam, D.K. faced trouble uploading his answer sheet. On May 12, 2020, he submitted a form requesting that College Board cancel his Calculus BC exam and schedule a make up. After College Board processed his request and registered him for a make up exam, the coding on his original test went from 'TKN' to 'ERE' in College Board's internal records." *Clewley Decl. III* ¶ 10. Therefore, there is no inconsistency in the fact that different versions of Defendants' internal records indicated that Plaintiffs' tests were both taken ("TKN") and rescheduled ("ERE"). *See id.*

Third, Plaintiffs argue that the exams that were ultimately rescheduled lacked consideration because Defendants disclaimed any duty to score the rescheduled exams. *See Reply* 10:21–11:12. The Court rejects this perplexing argument. Plaintiffs accepted the AP Exam Agreement when they began their tests. *Clewley Decl. III* ¶¶ 13–22. At that moment, a bilateral contract based on mutual promises was formed: in exchange for Plaintiffs' registration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4502 PSG (PVCx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | J.P. on behalf of her minor son R.P., et al. v. Educational Testing Services, et al. | | |

fees, Defendants agreed to score those exams. *See October 30 Order* at 13 (citing *Bleecher v. Conte*, 29 Cal. 3d 345, 350 (1981)). Therefore, at the time of formation, consideration existed. The fact that Plaintiffs subsequently either chose or were forced to reschedule those exams does not somehow retroactively negate *consideration*, although the failure to receive the promised consideration might give Plaintiffs a claim for breach of contract.

Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration based on newly discovered evidence.[7]

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration under Local Rule 7-18.

**IT IS SO ORDERED.**

---

[7] Plaintiffs also argued that, "[t]hrough evidence produced months after the hearing on the Arbitration Motion, Plaintiffs have learned that they are left with no arbitral forum because they have no written agreements to arbitrate their claims at issue in this matter." *Mot.* 23:14–16. "At the same time, due to the incomplete evidence provided by Defendants in their Motion, Plaintiffs are not permitted to proceed in Court unless this case is reopened." *Mot.* 23:16–19. Defendants challenged this argument in their opposition. *Opp.* 15:20–16:9. Plaintiffs conceded the issue by failing to address Defendants' contentions in Plaintiffs' reply brief. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same).